IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

CATHI J. ROSENTHAL, in her individual
capacity and as the Personal Representative of the
ESTATE OF GREGORY L. ROSENTHAL,
KAYLEN M. ROSENTHAL, TAYLOR M.
ROSENTHAL, AND HAYDEN J.
ROSENTHAL, minors by their natural parent and
guardian, Cathi J. Rosenthal, and TRISTAN L.
ROSENTHAL,

                        Plaintiffs,                          OPINION AND ORDER

        v.                                                        21-cv-344-wmc

ASCENSION HEALTH,

                        Involuntary Plaintiff.

AIR METHODS CORPORATION & ALLIANZ
GLOBAL RISKS US INSURANCE
COMPANY,

                        Defendants.

On April 26, 2018, a helicopter ambulance owned and operated by defendant Air

Methods Corporation ("Air Methods") crashed in Hazelhurst, Wisconsin, killing Gregory

Rosenthal, who was on board working as a flight paramedic.  Mr. Rosenthal's wife and his

minor children subsequently brought suit against Air Methods and its alleged insurer,

Allianz Global Risks US Insurance Company.[1]  Presently before the court is defendant Air

Methods' partial motion to dismiss (dkt. #23).  For the reasons discussed below, the court

will deny that motion.

---

[1] Plaintiffs also named Ascension Health as an involuntary plaintiff and "XYZ Insurance Company"
as a fictitious defendant and a placeholder for an insurance company that allegedly provided liability
insurance to Air Methods or its related entities.

BACKGROUND[2]

Air Methods is a helicopter operator that provides emergency medical services. Rico Caruso and Lisa Caruso, who were married, were both employed by Air Methods as helicopter pilots. On the afternoon of April 25, 2018, the Carusos returned from a weeklong vacation in Florida with their two infant daughters. The day after their return, the Carusos were scheduled for back-to-back shifts, with Ms. Caruso's shift set for 5:00 a.m. until 5:00 p.m. on April 26, 2018, and Mr. Caruso's shift set for 5:00 p.m. on April 26 until 5:00 a.m. on April 27.

Mr. Caruso arrived for his shift early, around 4:15 p.m. Once his shift began, he successfully piloted three flights, and departed on his fourth of the night at 9:07 p.m. from the Dane County Regional Airport. At the time, there were no clouds, winds were calm, and visibility was ten miles. Beginning around 10:15 p.m., however, Mr. Caruso began exhibiting signs of fatigue. At 10:43 p.m. and 12 seconds, the artificial horizon indicator on the helicopter showed the initiation of a right bank, after which the roll rate increased rapidly, the helicopter completely inverted, and began to pitch down. At 10:43 p.m. and 28 seconds, the helicopter struck a 70-foot-tall tree and crashed to the ground. Gregory Rosenthal, who was on board as a flight paramedic, was killed in the crash.

There were no light or audio warnings that would indicate a mechanical malfunction and no pre-impact abnormalities that would have precluded normal operation of the helicopter. In addition, an autopsy of Mr. Caruso suggested that he suffered from no

---

[2] In resolving a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court takes all factual allegations in the complaint as true and draws all inferences in plaintiff's favor. *Killingsworth v. HSBC Bank Nev.*, 507 F.3d 614, 618 (7th Cir. 2007).

medical condition that may have caused the crash.  Rather, according to plaintiffs, the crash resulted from Mr. Caruso falling asleep.  Plaintiffs further allege that Air Methods knew, or should have known, that Mr. Caruso would be too fatigued to transport patients and the medical team safely, and should be held liable for Mr. Rosenthal's death.

OPINION

A motion to dismiss for failure to state a claim is designed to test the complaint's legal sufficiency.  *See* Fed. R. Civ. P. 12(b)(6).  The court must "constru[e] the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged, and drawing all possible inferences in [the plaintiff's] favor."  *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009).  To survive a motion to dismiss, a plaintiff must allege sufficient facts to state a plausible claim for relief.  *Spierer v. Rossman*, 798 F.3d 502, 510 (7th Cir. 2015) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Plaintiff's claims are all brought under Wisconsin's Wrongful Death Statute, which states:

> Whenever the death of a person shall be caused by a wrongful act, neglect or default and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then and in every such case the person who would have been liable, if death had not ensued, shall be liable to an action for damages notwithstanding the death of the person injured; provided, that such action shall be brought for a death caused in this state.

Wis. Stat. § 895.03.

In its brief in support of the motion to dismiss, defendant Air Methods originally argued that plaintiff cannot maintain a claim for wrongful death premised on an underlying

common law tort of negligent entrustment because the statute only permits liability for "wrongful acts" and does not specifically enumerate negligent entrustment as an additional basis for liability.  (Deft. Br. (dkt. #6) p. 6.)  This argument appears to be based on a fundamental misunderstanding of the operation of § 895.03, which is a "derivative tort action[]" and thus, specifically premised on the existence of an underlying common law tort -- the "wrongful act," neglect or default -- that the decedent could have maintained but for his or her death.  *Christ v. Exxon Mobil Corp.*, 2015 WI 58, ¶ 22, 362 Wis. 2d 668, 866 N.W.2d 602; *see also* James E. Rooks, Jr., Recovery for Wrongful Death § 2:1 (July 2021) (explaining generally the operation of wrongful death statutes).  As a result, wrongful death actions may, for example, be brought based on:  an underlying claim of negligence, *e.g. Chang v. State Farm Mut. Auto. Ins. Co.*, 182 Wis. 2d 549, 514 N.W.2d 399 (1994); or medical malpractice, *e.g. Maurin v. Hall*, 2004 WI 100, 274 Wis. 2d 28, 682 N.W.2d 866. Finally, the Wisconsin Court of Appeals has specifically approved of a wrongful death action based on an underlying claim of negligent entrustment in *Est. of Marmsoler v. Dawson*, 143 Wis. 2d 893, 422 N.W.2d 461 (Ct. App. 1988).

In its reply, defendant Air Methods further argues that plaintiff's negligent entrustment claim must be dismissed "as a separate act" that would allow for "duplicate recovery."  (Deft. Reply Br. (dkt. #10) p. 6.)  Aside from defendant's failure to make this argument timely, it is *at best* premature since defendant concedes that a plaintiff may bring multiple, alternative claims for liability -- "both common law and statutory."  (*Id.*)  And indeed, plaintiffs have done just that in this case wholly aside from their negligent

entrustment claim.  Thus, any risk of a duplicate recovery is easily addressed by bifurcating the damages trial from liability, which is this court's typical practice.

Accordingly, plaintiff's claim for wrongful death based on defendant Air Methods' alleged negligent entrustment states a claim that may be pursued under § 895.03 and will not be dismissed.

## ORDER

IT IS ORDERED that defendant Air Methods' motion to dismiss (dkt. #23) is DENIED.

Entered this 24th day of January, 2022.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

5